IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                                 EASTERN DIVISION

ANTONIO CRAWFORD,                )
                                 )
        Petitioner,               )
                                 )
    vs.                          )     No. 14 C 4098
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Antonio Crawford pled guilty, without a written plea agreement, to one count of bank robbery and one count of attempted bank robbery under 18 U.S.C. § 2113(a). The Court sentenced him to a prison term of 96 months on each count, to run concurrently, plus 3 years of supervised release. The judgment, as later amended, stated that Crawford would serve his federal sentence concurrently with two Illinois state sentences, one of which is a sentence of fifteen years imprisonment for armed robbery without a firearm (11 CR 1288001), and the other is a sentence of six years imprisonment for attempted armed robbery without a firearm (11 CR 1345601).[1] Crawford is currently serving his sentences at Stateville Correctional Center, a prison operated by the Illinois Department of Corrections.

Crawford has filed a petition for a writ of habeas corpus. He contends that

---

[1] This information was obtained from the Illinois Department of Corrections website. The Court cannot determine from the record whether the state sentences run concurrently to each other.

despite the Court's order, his federal sentence is not running concurrently with his state sentences. He also asks to serve his time in federal custody, not state custody.

## Discussion

Because challenges to the computation and execution of a federal sentence are properly brought under 28 U.S.C. § 2241, the Court construes Crawford's submission as a petition under that section. *See Setser v. United States*, 132 S. Ct. 1463, 1473 (2012); *Brown v. Ashcroft*, 41 F. App'x 873, 874 (7th Cir. 2002); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Crawford properly filed the petition in the federal district where he is imprisoned. *See United States v. Mittelsteadt*, 790 F.2d 39, 40–41 (7th Cir. 1986).

**A.     Request that the state and federal sentences run concurrently**

Crawford first seeks confirmation that his federal sentence is running concurrently with his state sentences and that his federal sentence started to run on August 1, 2012, the date of his sentencing. The United States Bureau of Prisons (BOP) has confirmed, via an e-mail that the government submitted to the Court and to Crawford, that Crawford's federal sentence is running concurrently with his state sentences. The BOP has also confirmed that Crawford's sentence began to run on August 1, 2012, and that he has been awarded 297 days of credit for the time that he was in federal custody on a writ of habeas corpus *ad prosequendum* prior to that date. This is exactly what the Court ordered in the amended judgment. Because Crawford has obtained the relief that he sought in his claim, namely confirmation that he is serving his federal sentence concurrently with his state sentences, this claim is moot. *See Lane v. Williams*, 455 U.S. 624, 633 (1982). Accordingly, the Court dismisses

Crawford's first claim.

The Court notes, however, that the BOP's e-mail has not been filed as part of the record. The e-mail should be made part of the record so that there is an official court record that confirms how the BOP is computing Crawford's federal sentence. The Court directs the government to electronically file this correspondence in both Crawford's criminal case (11 CR 500) and this case by March 16, 2015, after making appropriate redactions of personal identifying information as required by Federal Rule of Criminal Procedure 49.1.

**B.     Request for transfer to federal custody**

Crawford also asks to be transferred from Stateville Correctional Center to a federal prison. This claim is not moot, because Crawford has not obtained the relief he seeks. *See Lane v. Williams*, 455 U.S. 624, 633 (1982). Crawford offers a compelling reason for transfer to federal prison, given that he is in significant need of mental health treatment while he is in custody. During the sentencing hearing this Court made an "extremely strong recommendation that [Crawford], number one, receive mental health counseling and treatment [during his incarceration] and, number two, that he be designated to an institution where he can participate in the residential drug abuse program." Aug. 1, 2012 Tr. at 26. Because Crawford's mental health issues and drug abuse contributed to his commission of the violent crimes of which he was convicted, the availability of treatment for these conditions has implications for public safety following Crawford's release.

It is highly unlikely that Crawford will receive mental health or drug abuse treatment of any sort while in the Illinois prison system; such resources are very limited

at best, and more likely are unavailable. Matters are different in the federal prison system. When the Court ordered concurrent sentences and strongly recommended that Crawford receive mental health and drug abuse treatment while incarcerated, the Court contemplated that Crawford would serve his time, to the extent possible, in federal custody, where these resources are available. The Court's intention was defeated by the return of Crawford to state custody and his service of his concurrent sentences in an Illinois institution.

Nonetheless, Crawford has not demonstrated that he has exhausted his administrative remedies. Before Crawford may seek a transfer to federal custody under section 2241, he must first exhaust his administrative remedies with the Bureau of Prisons. *See Brown v. Ashcroft*, 41 F. App'x 873, 874–75 (7th Cir. 2002) ("The Attorney General acts through the BOP to determine where an inmate serves his sentence. The district courts are limited to reviewing the BOP's decisions. Therefore, [petitioner] should have initially directed his requests to the BOP, not to the district court through a petition for habeas corpus." (internal citations omitted)); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) (stating that requests related to incarceration must first "be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

Although Crawford claims in his reply that he has exhausted his remedies, he has not provided any documentation to support his claim. He suggests that communications between the BOP and his defense attorney, Eugene Steingold, will show that he exhausted his claims. Although the government has indicated that copies

of those communications were submitted, the Court has not yet received them. Accordingly, the Court directs the government to electronically file any relevant communications between Steingold and the BOP by March 16, 2015, after making appropriate redactions of personal identifying information.

Assuming those documents do not show exhaustion of remedies, Crawford must exhaust his remedies by contacting the Bureau of Prisons to request a transfer. To do so, Crawford should raise a claim through the BOP's Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10–542.18. The purpose of the program is "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see also Setser v. United States*, 132 S. Ct. 1463, 1473 (2012). Although the regulations state that the program "does not apply to inmates confined in [ ] non-federal facilities," former federal inmates may file requests through the program for "issues that arose during their confinement." 28 C.F.R. § 542.10(b). This is an issue that arose during Crawford's federal confinement, because the BOP presumably determined where he would serve his sentence while he was in federal custody, after the federal judgment was entered but before he was returned to state custody over a month later. 28 C.F.R. § 542.10(b). Thus, Crawford can make a claim through the Administrative Remedy Program.

To make a claim, Crawford must send an Administrative Remedy Request to the Bureau of Prisons Designation and Sentence Computation Center in Grand Prairie, Texas. 28 C.F.R § 542.14(d)(5).[2] The address is:

---

[2] An inmate generally must make an informal request to prison staff before filing a formal request with the warden of his facility. 28 C.F.R. § 542.13. Because Crawford is not a federal inmate, however, he cannot make an informal request and there is no

5

Designation & Sentence Computation Center
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

If the request is denied, Crawford must appeal the denial. 28 C.F.R. § 542.15. The BOP must respond to a request or an appeal within a maximum of 40 calendar days. 28 C.F.R. § 542.18. Crawford may pursue his section 2241 petition in this Court only after the BOP has decided his request and appeal.

The Court intends to support Crawford's request for a transfer to federal custody, for the reasons described earlier in this decision. The Court suggests that Crawford include a copy of this decision with his Administrative Remedy Request submission to the BOP. In addition, the Court will send a letter to the Designation and Sentence Computation Center explaining why, in the Court's view, it would be appropriate for Crawford to serve his concurrent sentences in federal custody rather than state custody. The Court notes that even if Crawford is ultimately transferred to federal prison, it is likely that he will return to state prison after he completes his federal sentence, because his state sentence appears to contemplate a later "out date" than his federal sentence.

In sum, the Court defers consideration of Crawford's petition pending his exhaustion of BOP administrative remedies. *See, e.g., Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (if a petitioner has not exhausted administrative remedies, a court should dismiss the petition without prejudice or stay the case pending exhaustion).

---

warden to whom he could send a formal request. The regulations do, however, allow an inmate to file an Administrative Remedy Request "regarding initial decisions that did not originate with the Warden, or his/her staff," with the Bureau office that "made the original decision." 28 C.F.R. § 542.14(d)(5). The BOP's Designation and Sentence Computation Center is the office that made the disputed decision in this case, because staff members there decide where prisoners serve their sentences. Crawford should therefore send his request to that office.

**Conclusion**

For the foregoing reasons, the Court denies Crawford's petition in part; his request to enforce the judgment imposing a concurrent sentence is moot because that is how his sentence is in fact being calculated. The Court defers consideration of Crawford's request to serve his sentence in a federal prison pending exhaustion of administrative remedies. Additionally, the Court grants Crawford's request to proceed with his petition *pro se* [dkt. no. 3].

The Court also denies as moot Crawford's motion requesting copies of correspondence between his defense counsel, Eugene Steingold, and BOP officials, as the government has indicated that those documents were sent to Crawford [dkt. no. 14]. The Court directs the government to electronically file, by March 16, 2015, any relevant correspondence between the BOP and Eugene Steingold, as well as the e-mail from the BOP confirming that Crawford's federal sentence is running concurrently with his state sentences, after making appropriate redactions of personal identifying information.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 9, 2015